**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

PATRICK URIAH THAXTER,  :
    Petitioner,  :
                           :    CASE NO. 1:14-CV-02413
    v.  :
                            :
MARY SABOL, Warden of York County  :
Prison, et al.,  :
    Defendant.  :

*M E M O R A N D U M*

        In this case, while the removal proceedings initiated against him have been ongoing, Petitioner, a Lawful Permanent Resident from Jamaica, has been detained in a county prison for a period of time rapidly approaching three years.  Petitioner's detention stems from a 2013 guilty-plea conviction involving drugs.  Thus, pursuant to 8 U.S.C. § 1226(c), Petitioner's detention has been mandatory, without the opportunity for a bail hearing.  Moreover, at the beginning of this year, the Third Circuit remanded the removal case against Petitioner to the Board of Immigration Appeals ("BIA") for further review, and as far as the Court is aware, the removal proceedings are still ongoing.   On December 19, 2014, prior to the Third Circuit's remand to the BIA, Petitioner filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  The main thrust of the petition is that Petitioner's mandatory detention, without a bail hearing, has become unconstitutionally unreasonable (or excessive) warranting what the Due Process Clause demands: a hearing on bail.

        Petitioner's habeas corpus petition is presently before the Court by way of a Report filed by Magistrate Judge Saporito on April 8, 2016.  (Doc. 27).  In the Report, Judge Saporito finds that Petitioner's mandatory detention, without a bail hearing, has become unreasonable, in violation of due process, which, in turn, demands a bail hearing.  (See id.

at 2, 2-7). In finding that a bail hearing is demanded by due process, Judge Saporito recommends that the Court should defer to an Immigration Judge ("IJ") and refer the matter to the same, for a bail hearing, (id. at 12), where the IJ "shall make an individualized inquiry into whether detention is still necessary to fulfill the purposes of ensuring that . . . [P]etitioner attends removal proceedings and that his release will not pose a danger to the community . . . ." (Id. at 13, ¶ 2). At said bail hearing, Judge Saporito also recommends that "the Government [should] bear the burden of presenting evidence and proving that continued detention is necessary to fulfill the purposes of the detention statute . . . ." (Id. at 13, ¶ 3). Finally, Judge Saporito recommends that the Court should "retain[] jurisdiction to conduct its own bail review, if necessary, under the standards governing bail in habeas corpus proceedings[.]" (Id. at 13-14, ¶ 6).

With respect to the Report, no one objects to the finding that habeas relief is warranted in the form of a bail hearing, or the recommendation that this Court should defer to the IJ and refer the matter to the same for an individualized bail hearing. Also, no one objects to Judge Saporito's recommendation that, upon referring the matter to the IJ, the Government should be required to bear the burden of presenting evidence and proving that Petitioner's continued detention, without bail, is necessary to fulfill the purposes of the detention statute, 8 U.S.C. § 1226(c). Respondents, however, partially object to the Report, insofar as Judge Saporito recommends that the Court should retain jurisdiction to conduct its own bail review, if necessary, under the standards governing bail in habeas corpus proceedings. (Doc. 28).

In reviewing Judge Saporito's Report, the Court must conduct a *de novo* review of those portions to which objections are made. *Snyder v. Bender*, 548 F. App'x 767,

770 (3d Cir. 2013)(citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984); 28 U.S.C. § 636(b)(1)).  Where no party has objected, the Court needs only review those portions of Judge Saporito's Report for clear error or manifest injustice.  See *Smith v. Lindsey*, No. 13-CV-2914, 2015 WL 136639, at *2 (M.D. Pa. Jan. 7, 2015)(Caldwell, J.).  Nonetheless, even where no objections are made, the Court can *sua sponte* conduct a *de novo* review of any portion of a Magistrate Judge's Report.  See *Thomas v. Arn*, 474 U.S. 140, 154 (1985) (explaining that while 28 U.S.C. § 636 "does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").  Utilizing these standards, the Court turns to Judge Saporito's Report.

The Court will adopt Judge Saporito's finding that Petitioner's detention has become unconstitutionally unreasonable, in violation of due process, warranting a bail hearing.  See *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011); *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015).  Petitioner, a Lawful Permanent Resident from Jamaica, who is 43 years old and married with three children, was initially detained by Immigration and Customs Enforcement ("ICE") in July 2013.  (Doc. 1-2 at 6; Doc. 1-5; Doc. 1-6).  As mentioned at the beginning of this Memorandum, Petitioner's detention stemmed from a January 2013 guilty-plea conviction for a drug crime: possession of marijuana with intent to manufacture or deliver, in violation of 35 Pa. C.S. § 780-113(a)(30).[1]  (Id.; see Doc. 1-7).  Indeed, based on his drug conviction, to which he was only sentenced to probation, (Doc. 1-7 at 3), Petitioner was charged as removable under Section

---

[1] Since his admission to the United States in 1999, Petitioner has no other criminal history. (See Doc.1-8 at 33-34, 36).

3

(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(B)(i).[2] (Doc. 1-2 at 5).  Thus, while awaiting resolution of the removal proceedings against him, Petitioner has remained subject to mandatory detention without the opportunity for bail, much less a bail hearing.  See 8 U.S.C. §§ 1226(c)(1)(B), (c)(2)[3]; (see also, Doc. 1-14;

---

[2]  In pertinent part, § 1227(a) provides:

> **(a) Classes of deportable aliens**
>
> Any alien . . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens:
>
> . . . .
>
> **(2) Criminal offenses**
>
> **(B) Controlled substances**
>
> **(i) Conviction**
>
> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

8 U.S.C. § 1227(a)(2)(B)(i).

We also note that, on September 27, 2013, ICE filed an additional removal charge against Petitioner, alleging that his conviction for a drug crime constituted an aggravated felony under INA Section 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B); thus, he was also subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B).  (See Doc. 1-9).  However, whether Petitioner's conviction involving drugs truly qualifies as an aggravated felony has remained at the forefront of his removal proceedings.  (See Docs. 1-17 & 12-2).

[3]  In pertinent part, § 1226(c) provides:

> **(c) Detention of criminal aliens**
>
> **(1) Custody**
>
> The Attorney General shall take into custody any alien who - -
>
> . . .

4

Doc. 1-15). Additionally, as recent as January 14, 2016, upon motion by the Government, the Third Circuit agreed to remand Petitioner's removal case to the BIA for further review. (Doc. 18-1 at 2, 3). This strongly suggests that Petitioner has presented a good-faith challenge to the removal case against him. Likewise, there is nothing in the record to reasonably suggest, if at all, that Petitioner has otherwise acted in bad faith throughout the removal proceedings, or engaged in delay tactics or attempted to game the system.[4] Furthermore, this Court is unaware of any subsequent rulings or developments in the Immigration Courts, such as the issuance of a final order of removal or a timeline for resolution. In total, Petitioner has been detained in a county prison without a bail hearing for a length of time rapidly approaching three years.

---

> **(B)** is deportable by reason of having committed any offense covered in section 1227(a)(2)[] . . . (B) . . . of this title,
>
> . . .
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
>
> **(2) Release**
>
> The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides . . . that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding. A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

8 U.S.C. §§ 1226(c)(1)(B), (c)(2).

[4] Equally so, assuming that the Government has reasonably handled the removal case against Petitioner, "it is [still] possible that a detention may be unreasonable . . . ." *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 475 (3d Cir. 2015)(citing *Diop v. ICE / Homeland Security*, 656 F.3d 221, 223 (3d Cir. 2011)).

5

Next, Judge Saporito recommends that the Court should defer to the IJ and refer the matter to the same for an individualized bail hearing. This is a critical issue that is far from settled, with minimal guidance from which to draw support. Indeed, while "the [current] trend [in these habeas cases] has been for th[is] Court to refer the [matter] in the first instance to an immigration judge to conduct [a] b[ail] hearing," *Wang v. Lowe*, No. 1:15-CV-02291, 2016 WL 2893384, at *4 (M.D. Pa. Apr. 20)(Schwab, Mag. J.)(citing cases), *report and recommendation adopted*, 2016 WL 2866174 (May 17, 2016)(Rambo, J.), there is no binding precedent requiring the Court to do so. At most, the Third Circuit has merely "suggested" that the course to be followed is to allow the IJ to make an initial bail determination. See *Singh v. Sabol*, No. 1:14-CV-1927, 2015 WL 3519075, at *6 (M.D. Pa. June 4, 2015)(Carlson, Mag. J.)("[I]n *Chavez–Alvarez*, the appellate court suggested that, in many instances, this initial bail determination can, and should, be made by the Immigration Judge, applying the constitutional benchmarks outlined by the courts.")(citing *Chavez–Alvarez*, 783 F.3d at 478 n. 12). Though, as signaled by this Court in *Singh, supra*, the "suggestion" contains its own caveat, in that it is apparently applicable in "many instances," but not all. What's more, in crafting the current "trend" and referring the matters of bail to the IJs in the first instance, the Court has been "[m]indful of the deference which should be accorded in the first instance to agency decision-making processes." See *Singh, supra*, at *6 (quoting *Leslie v. Holder*, 865 F.Supp.2d 627, 631 (M.D. Pa. 2012)(Carlson, Mag. J.)); *Fan Wang, supra*, 2016 WL 2893384, at *4 (same). While the Court understands, and can appreciate, that approach, deference to administrative, or agency, decisionmakers is not presently mandated in this context, where the most basic threat of personal liberty is at issue. See also, Fallon & Meltzer, Habeas Corpus Jurisdiction, Substantive Rights, and the

War on Terror, 120 Harv. L. Rev. 2029, 2069 (2007)("Cases involving executive detention pose the most basic threats to personal liberty. Modern notions of deference to administrative decisionmakers, developed primarily in other contexts, are in considerable tension with the historic office of the Great Writ."). Furthermore, as discussed, Petitioner is rapidly approaching three years spent in executive detention, in a county prison, and "merely calling a confinement 'civil detention' does not, of itself, meaningfully differentiate it from penal measures." *Chavez-Alvarez*, 783 F.3d at 478 (citing *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997); *Application of Gault*, 387 U.S. 1, 27 (1967)). Rather than subject this Petitioner to any risk of procedural, or other fundamental, error, see, e.g., *Leslie v. Holder*, 865 F.Supp.2d 627, 631-33 (M.D. Pa. 2012)(Carlson, Mag. J.), the Court, in this particular case, is inclined to conduct its own bail hearing and make a bail determination. This remedy of having the Court review whether Petitioner is entitled to release, also serves the "'historic purpose of the writ,' namely, 'to relieve detention by executive authorities without judicial trial,'" see *Alli v. Decker*, 644 F.Supp.2d 535, 542 (M.D. Pa. 2009)(Jones, J,), *reversed in part on other grounds*, 650 F.3d 1007 (3d Cir. 2011)(quoting *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), in turn, quoting *Brown v. Allen*, 344 U.S. 443, 533 (1953)(Jackson, J., concurring)), and is not inconsistent with Third Circuit precedent. See *Leslie v. Attorney General*, 678 F.3d 265, 271 (3d Cir. 2012)(remanding to District Court with instructions to hold an individualized bond hearing for the petitioner who had been detained for four years, pending removal proceedings)[5]; *id.* at 269-70 ("*Diop* laid out a *two-step process*: *a reviewing court* must *first* determine that a detention has been unreasonably long, and *following such a determination*, *must determine* whether the unreasonable detention is necessary to fulfill

---

[5] See also, *Leslie*, 865 F.Supp.2d at 632, 634.

§ 1226's purposes as outlined in *Diop* [].")(emphasis added).  Moreover, in other instances, this Court has conducted bail hearings in immigration habeas matters.  See *Leslie*, 865 F.Supp.2d at 633 (citing examples).

Accordingly, the Court will not adopt Judge Saporito's recommendation that, in this case, the Court should defer to the IJ and refer the matter of bail to the same for an individualized bail hearing.  Instead, the matter will be remanded to Judge Saporito for the purpose of holding an individualized bail hearing, so as to inquire into whether detention is necessary to fulfill the purposes of the detention statute, and make a bail determination.

At this bail hearing -- and as Judge Saporito recommends -- the Government shall maintain the burden of presenting evidence and proving that Petitioner's continued detention is necessary to fulfill § 1226's purposes.  See *Diop*, 656 F.3d at 233 ("[W]hen detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute.").

Finally, the Court will overrule as moot Respondents' partial objection to a different aspect of the Report that has no bearing on the present ruling.

An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

**Date Signed**: June 1, 2016